Filed 9/1/15  P. v. Griffin CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>FLOYD GRIFFIN,<br><br>　　　　Defendant and Appellant. | A143592<br><br>(Solano County<br>Super. Ct. No. FCR302557) |

　　　　Floyd Odis Griffin appeals following a no contest plea to a single count of false imprisonment.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We requested briefing on whether Griffin was awarded the correct number of days of pre-sentence credit, and we resolve that issue in this opinion.  We conclude there are no issues requiring further review and affirm.

BACKGROUND

　　　　Griffin was arrested on September 18, 2013, after it was reported that he created a disturbance at Community Action North Bay, a service provider to low income residents, the homeless, the mentally ill and veterans.  A witness said Griffin was upset that he was not going to receive money.  She reported that he said, "I want my money.  I have a gun and I'm going to kill you all."

　　　　Griffin was initially charged under Penal Code section 422 with threatening to commit a crime that would result in death or great bodily injury, a serious felony.  It was

1

also alleged that Griffin had been confined in state prison within five years of this current offense. He initially entered a plea of not guilty.

Following the preliminary hearing, on November 8, 2013, Griffin changed his plea. The prosecution amended the information to allege a count of false imprisonment in violation of Penal Code section 236. Griffin entered a no contest plea to a single count of false imprisonment. The original charge was dismissed along with a trailing misdemeanor. Griffin executed a waiver of rights and confirmed his waiver to the court and his understanding of the waived rights. It explicitly states it was free and voluntary and not induced by threat. He was released that day on his own recognizance.

Griffin failed to appear for sentencing and was arrested on a bench warrant on March 10, 2014. In June, he moved to withdraw his plea on the grounds that it was not free and voluntary due to his concerns that he would not receive a fair trial. The motion was denied for a lack of evidence demonstrating the plea was made under duress.

Pronouncement of judgment and sentence was continued several times to afford Griffin an opportunity to secure placement in a residential mental health program. Griffin again failed to appear on time for judgment and sentence on October 3, 2014. The court issued a bench warrant, but recalled it later that same morning when Griffin appeared in court. The court sentenced Griffin to the low term of 16 months for false imprisonment. He was assessed a restitution fine of $300, a $40 security charge and a criminal conviction charge of $30.

Griffin moved to recall his commitment in late October 2014. The motion was ordered off calendar, apparently due to his lack of standing under Penal Code section 1170, subdivision (d). He requested a certificate of probable cause. It does not appear the court explicitly ruled on the request.

This timely appeal followed.

## DISCUSSION

Based upon our review of the record, we have no reason to question the sufficiency of the court's advisements, Griffin's waivers or the explanation of the consequences of his plea. His plea appears to be free, knowing and voluntary. We have

2

no reason to question it. Griffin's motion to withdraw his plea was properly denied for an insufficient showing.

Griffin's counsel advised the superior court of a computational error in his pre-sentence credits. He claimed he was entitled to credit for 87 days of actual pre-sentence custody rather than 77 as indicated on the abstract of judgment. The court has since received an abstract of judgment filed August 27, 2015, awarding Griffin additional credits. He was awarded credits for 84 days of actual pre-sentence custody. Since he is no longer in custody or on post-release supervision in this case, his entitlement to additional credits is moot.

Griffin's counsel has represented that she advised Griffin of her intention to file a *Wende* brief in this case and of Griffin's right to submit supplemental written argument on his own behalf. He has not done so. Griffin has also been advised of his right to request that counsel be relieved.

Our full review of the record reveals no issue that requires further briefing.

DISPOSITION

The judgment is affirmed.

_____
Siggins, J.


We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.

3